NORTH AMERICAN CORPORATION,
Plaintiff and Counterclaim Defendant,

v.

HALLIBURTON COMPANY, Defendant
and Counterclaimant.

NORTH AMERICAN CORPORATION,
Third-Party Plaintiff,

v.

AMPEX CORPORATION, Third-Party
Defendant.

No. CIV–75–985–D.

United States District Court,
W. D. Oklahoma.

May 25, 1976.

John P. Hale, Carole A. Burns, New York City, Arnold D. Fagin, Warner E. Lovell, Jr., Oklahoma City, Okl., for North American Corp.

Burck Bailey, Oklahoma City, Okl., for Halliburton.

Coleman Hayes, Oklahoma City, Okl., for Ampex.

ORDER

DAUGHERTY, District Judge.

North American Corporation (NAC) sued Halliburton Company (Halliburton) in New York State Court for an alleged breach of a lease agreement. The action was removed to the United States District Court for the Southern District of New York and was subsequently transferred to this Court. Halliburton answered the Complaint and asserted a Counterclaim against NAC. NAC then filed a Third-Party Complaint against Ampex Corporation (Ampex). Ampex has filed a Motion to Dismiss the "third cause of action" asserted by NAC against it in the Third-Party Complaint. The basis of this Motion to Dismiss is that said Third-Party Complaint is an improper Third-Party Complaint under Rule 14, Federal Rules of Civil Procedure. NAC has responded to Ampex's Motion to Dismiss and the matter being at issue before the Court is determined below.

In its original Complaint filed in New York State Court, NAC alleged that Halliburton entered into an agreement with Ampex for the rental and maintenance of certain Ampex computer equipment; that under the terms of this agreement, Ampex agreed to lease computer equipment to Halliburton and provide maintenance thereon;

that Halliburton agreed to pay Ampex a monthly rental and service charge; that Ampex sold the equipment covered by the Halliburton lease to NAC and assigned the lease to NAC; and that Halliburton breached the lease agreement by failing to pay the agreed monthly rent and service charge.

In its Answer Halliburton denies that it breached the subject lease and asserts that the lease was breached by Plaintiff and its assignor in that the computer equipment was defective and improperly maintained. For its Counterclaim against NAC, Halliburton asserts that it was forced to expend the sum of $50,030.44 as a direct and proximate result of the failure of the subject computer equipment and seeks the recovery of that sum from NAC.

In its Third-Party Complaint against Ampex, NAC alleges that it purchased the subject computer equipment from Ampex and received its assignment of the Halliburton lease on or about July 27, 1972; that Ampex warranted that the equipment would conform to certain specifications and would be free of defects in workmanship and material; that Ampex agreed to continue to perform service and maintenance on the equipment; that Halliburton's damages, if any, were caused by Ampex's failure to provide equipment in conformity with its warranties and/or by Ampex's failure to provide proper service and maintenance on the equipment; that if Halliburton is entitled to any recovery against NAC, then NAC is entitled to recovery over against Ampex; and that if Halliburton is successful in its defense of NAC's action on the lease on the basis that the equipment and/or service was defective, then Ampex breached its contract with NAC and NAC is entitled to recover from Ampex the lease payments it would have recovered from Halliburton had the equipment not been defective.

It is the second of NAC's two claims against it to which Ampex objects. NAC asserts only two Third-Party Claims, its "First Cause of Action" requests no relief. Ampex contends that NAC is not entitled to assert as a Third-Party Claim its claim that

Ampex would be liable to it for the lease payments which Halliburton would have been compelled to pay had the computer equipment not been defective if Halliburton is successful in defending on that basis. Rule 14(a), Federal Rules of Civil Procedure, provides:

> "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him . . ."

Thus, Rule 14(a) authorizes a Defendant (Counterdefendant in this case) to bring into a lawsuit any person not a party to the action who is or may be liable to him for all or part of Plaintiff's claim against him.

In the second cause of action of its Third-Party Complaint, NAC does not seek recovery from Ampex for all or part of Halliburton's Counterclaim against it. NAC simply asserts in this claim that if Halliburton is successful in defending NAC's action on the lease on the basis that the equipment supplied by Ampex was defective, then Ampex breached its agreement with NAC to supply and maintain equipment free from defects. This is a separate contract cause of action between NAC and Ampex. Thus, Ampex's contention is correct, NAC's second Third-Party cause of action does not fall literally within the language of Rule 14(a), Federal Rules of Civil Procedure. However, Rule 18(a), Federal Rules of Civil Procedure, provides, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as an independent or as alternate claims, as many claims, legal, equitable, or maritime, as he has against an opposing party." NAC could therefore assert its second third-party claim against Ampex under Rule 18. The Court will look to substance and not form in determining procedural motions. As NAC's second third-party claim could properly be asserted under Rule 18(a), and as it appears that all claims asserted in this action may properly be tried in one action, Ampex's pending Motion to Dismiss should be overruled.